*349 Curia, per
Evans, J.
There is no doubt about the general principle, that a bond or other contract under seal, will extinguish a simple contract; or, to speak more accurately, the inferior security is merged in the higher. This principle applies equally where the bond of one partner is given for a partnership debt, as to other cases. But it is supposed the case of Fleming, Ross & Co. vs. Van A. Lawhon & Co., Dudley, 361, has established a different rule. In that case, the copartnership consisted of Lawhon and Cherry. They were indebted to the plaintiffs for goods sold. Van A. Lawhon gave a sealed note, in the name of the copartnership, for the debt. This note could not bind the firm, and therefore could operate only as the single bill of Van A. Lawhon ; and the question was, whether this discharged Cherry, the other partner, from his liability on the open account; it was decided that it did not. But it will be found, on examining that case, that it was decided on the ground, that as the single bill delivered to the plaintiffs was apparently, but not really, the obligation of both parties, the idea that it was the deed of Lawhon alone was not entertained by either party, and no inference could be drawn that the plaintiffs supposed they were discharging Cherry from the debt, or that the single bill would have that effect. It is conceded in that case, that if the plaintiffs had taken the. specialty of Lawhon alone, and discharged the simple contract debt which they held against Lawhon "and Cherry, there can be no doubt that the account would have been’extinguished. That that case was not intended to overrule, but to take cases of that description out of the operation of the general rule, is manifest by what is said by my brother Butler, in delivering the opinion of the court. Referring to. certain cases decided in the Supreme Court of North Carolina, he says: these cases are decided on the principle “ that the creditor who takes the bond of one partner in the name of the firm, does so in reference to the liability of the firm at the time, and does not take the bond as exclusively relying on it as his security for indemnity.” At the time this case was decided, the valuable reports of the decisions of the Supreme Court of North Carolina, by Mr. Devereux, were not before lis; we had only an abstract of the case. Since that time, *350 these reports have been added to our library, and on inspecting the cases, they are not found to go the whole length supposed; but I see no reason to doubt the correctness of the decision in Fleming & Ross vs. Van A. Lawhon & Co. The single bill in that case was clearly intended to bind Cherry. The plaintiffs did not intend to release him, and when he repudiated this act of Lawhon, there can be no reason assigned why he should not have been still liable on the simple contract. In this essential particular, that case differs from this. Here, the plaintiffs took the single bill of Alexander alone. The case comes clearly within the general and recognized principle, and is in no way affected by the exception made in the case of Fleming & Ross vs. Van A. Lawhon & Co. The motion is dismissed.
O’Neall and Butler, JJ., concurred.
Earle, J., absent at the argument.